UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 15-53974-JRS |
| | ) | |
| MARCONI PARK, LLC, | ) | CHAPTER 11 |
| | ) | |
|    Debtor. | ) | |
| | ) | |

**MOTION TO (I) DEEM UTILITY COMPANIES ADEQUATELY ASSURED OF PAYMENT PURSUANT TO 11 U.S.C. § 366; (II) PROHIBIT UTILITY COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING UTILITY SERVICES; AND (III) ESTABLISH PROCEDURES FOR RESOLVING REQUESTS FOR ADDITIONAL ASSURANCE**

**COMES NOW**, Marconi Park, LLC, Debtor and Debtor-in Possession in the above referenced Chapter 11 case, and files this Motion to (I) Deem Utility Companies Adequately Assured of Payment Pursuant to 11 U.S.C. § 366; (II) Prohibit Utility Companies from Altering, Refusing or Discontinuing utility Services; and (III) Establish Procedures for Resolving Requests for Additional Assurance, respectfully showing the Court as follows:

1.

Debtor filed a petition constituting an Order for Relief under 11 U.S.C. Chapter 11 on March 2, 2015 ("Petition Date").

2.

Debtor has continued in possession of its property and continues to operate as Debtor-in-Possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3.

Debtor owns a commercial building located 524 West Peachtree Street, Atlanta, Fulton County, Georgia (the "Property").

04023225-

4.

In connection with the operation of its business, Debtor obtains electricity, water, telephone, gas, and/or other services of this general character (together, "Utility Services") from various utility companies ("Utility Companies").  Attached hereto as Exhibit "A" and incorporated herein by reference is a list of all, or substantially all, of the Utility Companies that were providing Utility Services to the Debtor as of the Petition Date.  The relief requested herein is as to all Utility Companies providing Utility Services to the Debtor and is not limited to those listed on Exhibit "A."

5.

On average, Debtor spends approximately $1,545.69 each month on Utility Services costs.  As of the Petition Date, Debtor believes it is substantially current on its Utility Services payments.

6.

Debtor intends to pay all obligations that become due to the Utility Companies after the Petition Date in a timely manner.

7.

Section 366 of Title 11, United States Code applies to entities providing utility services such as electricity, natural gas, water, and/or telephone services and any other entity that supplies services that cannot be readily obtained elsewhere.  H.R.Rep. No. 95-595, at 350 (1977) as reprinted in 1978 U.S.C.C.A.N. 5963, 6306; S.Rep. No. 95-989, at 60 (1978) as reprinted in 1978 U.S.C.C.A.N. 5787, 5846.

04023225-

8.

Pursuant to 11 U.S.C. § 366, in a "case filed under Chapter 11, a utility . . . may alter, refuse, or discontinue utility service, if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from Debtor or trustee adequate assurance of payment for utility service that is satisfactory to the utility." 11 U.S.C. § 366(c)(2). Moreover, a "utility may alter, refuse, or discontinue service if neither the trustee nor Debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment." 11 U.S.C. § 366(b). The common view is that, despite the contradictory times provided in these two sections, the 30-day period of subsection (c) is applicable. <u>See</u> Colliers on Bankruptcy 2nd 366.03[2]. Therefore, Debtor contends that the Utility Companies cannot discontinue Utility Services until thirty-one (31) days after the Petition Date.

9.

"Adequate Assurance" is defined to mean (i) a cash deposit, (ii) a letter of credit, (iii) a certificate of deposit, (iv) a surety bond, (v) a prepayment of utility consumption, or (vi) another form of security mutually agreed on between the utility and the Debtor or trustee. 11 U.S.C. § 366(c)(1).

10.

Preserving Utility Services on an uninterrupted basis is essential to Debtor's ongoing operations and, therefore, to the success of its reorganization. Therefore, it is critical the Utility Services continue uninterrupted throughout the pendency of the within Chapter 11 case.

04023225-

11.

Debtor submits that the Utility Companies are adequately assured of future payment by the following: (a) Debtor will have sufficient liquidity to pay post-petition utility invoices and administrative expenses in full and on a timely basis; and (b) any existing deposits with the Utility Companies will be retained by the Utility Companies.

12.

In the event a Utility Company requests additional assurance other that as provided above in ¶ 11, Debtor requests that (i) any Utility Company seeking additional adequate assurance in the form of additional deposit, other security, or set-off against a prepetition deposit shall make a request, in writing, setting forth the amount and form of assurance requested (a "Request"); (ii) a Request must be actually delivered to Debtor's counsel, David W. Gordon, Macey, Wilensky & Hennings, LLC, 303 Peachtree Street, NE, Suite 4420, Atlanta, Georgia 30308 not later than thirty (30) days from the date an Order granting this Motion is entered (the "Request Deadline"); (iii) Debtor shall have thirty (30) days from the receipt of a timely Request to file a Motion for Determination of Adequate Assurance Payment ("Determination Motion") with respect thereto; and (iv) each Utility Company shall continue to provide services to Debtor until further order of this Court.

13.

Any failure by a Utility Company to submit a request or any Request received after the Request Deadline or that is otherwise defective shall be deemed untimely and invalid, and each such Utility Company shall be deemed adequately assured of payment by the terms of the Order granting the within Motion.

04023225-

14.

If a Determination Hearing is scheduled in accordance with the procedures described herein, the Utility Company shall be deemed adequately assured of payment until an Order is entered in connection with the Determination Hearing.

WHEREFORE, Debtor requests that this Court enter an Order substantially similar to the Order attached hereto as Exhibit "B" : (a) deeming the Utility Companies adequately assured of payment under 11 U.S.C. § 366; (b) prohibiting the Utility Companies from altering, refusing, or discontinuing Utility Services; (c) establishing procedures for resolving requests for additional assurance; and (d) granting such other and further relief as is deemed just and proper.

Respectfully Submitted,

This 3rd day of March, 2015.

MACEY, WILENSKY & HENNINGS, LLC


BY: /s/ David W. Gordon
David W. Gordon, Esq.
State Bar No. 726483
*Attorneys for Debtor*

303 Peachtree Street, N.E.
Suite 4420
Atlanta, GA  30308
(404) 584-1200
(404) 681-4355 – Facsimile
dgordon@maceywilensky.com

04023225-

# EXHIBIT "A"

## SUMMARY OF UTILITY COMPANIES AND DEPOSITS

| UTILITY | SERVICE | ACCOUNT NO. | DEPOSIT AMOUNT |
|---|---|---|---|
| **Windstream Communication** | **Telephone** | **4546227** | **$0.00** |
| **Georgia Power** | **Electricity** | **16608-98010** | **$3,380: Surety Bond** |
| **City of Atlanta** | **Water/Sewer** | **0079479301** | **$0.00** |
| **City of Atlanta** | **Water/Sewer** | **0156460301** | **$0.00** |

04023225-

# **EXHIBIT "B"**

## **PROPOSED ORDER**

04023225-

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 15-53974-JRS |
| | ) | |
| MARCONI PARK, LLC, | ) | CHAPTER 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**ORDER**

This matter is before the Court on Debtor's Motion to (I) Deem Utility Companies Adequately Assured of Payment Pursuant to 11 U.S.C. § 366; (II) Prohibit utility Companies from Altering, Refusing or Discontinuing utility Services; and (III) Establish Procedures for Resolving Requests for Additional Assurance ("Motion")[1] [Doc. No. __] filed on March 3, 2015.

In the Motion, Debtor represents that the Utility Companies are assured of payment by the following: (a) Debtor will have sufficient liquidity to pay post-petition utility invoices and

---

[1] All capitalized terms not otherwise defined herein shall have the meanings set forth in the Motion.

04023225-

administrative expenses in full and on a timely basis; and (b) any existing deposits with the Utility Companies will be retained by the Utility Companies.

After reviewing the pleadings and based upon the representations of counsel, the Court concludes that good cause exists to grant the Motion and it is in the best interest of Debtor's Estate, its creditors, and parties in interest.  Accordingly, it is therefore, hereby:

**ORDERED** that the Motion is GRANTED; it is

**FURTHER ORDERED** that the Utility Companies are prohibited from altering, refusing, or discontinuing Utility Service without first obtaining further Order of this Court; it is

**FURTHER ORDERED** that any Utility Company which seeks assurance other than the assurances given by the Debtor shall adhere to the following procedures:

    a.    Make a request, in writing, setting forth the amount and form of assurance requested ("Request");

    b.    A Request must be delivered to Debtor's counsel, David W. Gordon, Macey, Wilensky & Hennings, LLC, 303 Peachtree Street, NE, Atlanta, Georgia 30308, not later than thirty (30) days from the date of the entry of the within Order ("Request Deadline");

    c.    Upon timely receipt of a Request, Debtor shall have thirty (30) days to file a Motion for Determination of Adequate Assurance Payment ("Determination Motion") with respect thereto and shall seek a hearing date within twenty (20) days after filing the Determination Motion, unless another hearing date is agreed to between the parties ("Determination Hearing");

04023225-

    d.    Any failure by a Utility Company to submit a Request or any Request received after the Request Deadline or that is otherwise defective shall be deemed untimely and invalid, and each such Utility Company shall be deemed adequately assured of payment; and

    e.    If a Determination Hearing is scheduled in accordance wih the within procedures, the Utility Company shall be deemed adequately assured of payment until an order is entered in connection with the Determination Hearing.

It is

**FURTHER ORDERED** that the Debtor shall serve the within Order on all Utility Companies affected by the Motion; the United States Trustee; all Parties who have filed requests to receive notice, and the twenty(20) largest unsecured creditors; with certification of service within three (3) days.

**[END OF DOCUMENT]**

**Prepared and Presented By:**

MACEY, WILENSKY & HENNINGS, LLC

/s/ David W. Gordon
David W. Gordon, Esq.
State Bar No. 726483
*Attorneys for Debtor*
303 Peachtree Street, N.E.; Suite 4420
Atlanta, GA  30308
(404) 584-1200; (404) 681-4355 – Facsimile
dgordon@maceywilensky.com

04023225-

**Service List**

Office of United States Trustee
362 United States Courthouse
75 Spring Street, S.W.
Atlanta, Georgia 30303

Matthew Brower
Northside-Rosser Debt Holdings, LLC
152 West 57th Street
19th Floor
New York, New York 10019

David W. Gordon
Macey, Wilensky & Hennings, LLC
303 Peachtree Street, NE
Suite 4420
Atlanta, Georgia 30308

04023225-

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | CASE NO. 15-53974-JRS |
| ) | |
| **MARCONI PARK, LLC,** ) | CHAPTER 11 |
| ) | |
| Debtor. ) | |
| _____ ) | |

### CERTIFICATE OF SERVICE

I certify that a copy of **the foregoing Pleadings** was served by depositing a copy of same in the United States Mail, first class postage prepaid, addressed to the Creditor Matrix of Debtor as listed on attached Exhibit "A" and to the following:

Office of United States Trustee
362 United States Courthouse
75 Spring Street, S.W.
Atlanta, Georgia 30303

Matthew Brower
Northside-Rosser Debt Holdings, LLC
152 West 57th Street
19th Floor
New York, New York 10019

This 3rd day of March, 2015.

MACEY, WILENSKY & HENNINGS, LLC

BY: /s/ David W. Gordon
David W. Gordon, Esq.
State Bar No. 726483
*Attorneys for Debtor*

303 Peachtree Street, N.E., Suite 4420
Atlanta, GA  30308
(404) 584-1200
(404) 681-4355 – Facsimile
dgordon@maceywilensky.com

04023225-

<u>**EXHIBIT "A"**</u>

**MARCONI PARK, LLC**

**LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS**

City of Atlanta
651 14th Street, N.W.
Atlanta, GA  30318

Gail Pollock
8143 Valhalla Drive
Delray Beach, FL  33443

Georgia Power
241 Ralph McGill Boulevard
Atlanta, GA  30308

Jackson Corporate Real Estate
101 Marietta Street
31st Floor
Atlanta, GA  30303

Windstream Communications
7556 240th Road
O'Brien, FL  32071

04023225-